UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

AMANDA COLLINS,

        Plaintiff,

                        CASE NO.:

vs.

SOUTH HAVEN, INC., A
GEORGIA CORPORATION,
AND VICKI HARPS,
INDIVIDUALLY,

        Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, AMANDA COLLINS, by and through the undersigned attorney, sues the Defendants, SOUTH HAVEN, INC., a Georgia Corporation, and VICKI HARPS, Individually, and alleges:

1. Plaintiff was an employee of Defendants and brings this action for unpaid overtime compensation, liquidated damages, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

1

## General Allegations

2. Plaintiff was an hourly paid CNA who worked for Defendants from approximately May 2008 to July 2013.

3. Plaintiff worked for Defendants in Clayton County, Georgia.

4. Defendant, SOUTH HAVEN, INC., is a Georgia Corporation that operates and conducts business in, among others, Clayton County, Georgia and is therefore, within the jurisdiction of this Court.

5. At all times relevant to this action, VICKI HARPS was an individual resident of the State of Georgia, who owned and operated SOUTH HAVEN, INC., and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations of SOUTH HAVEN, INC. By virtue of having regularly exercised that authority on behalf of SOUTH HAVEN, INC., VICKI HARPS is an employer as defined by 29 U.S.C. § 201, et seq.

6. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

7. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

8. During Plaintiff's employment with Defendants, Defendant, SOUTH HAVEN, INC., earned more than $500,000.00 per year in gross sales.

9. During Plaintiff's employment with Defendant, Defendant, SOUTH HAVEN, INC., employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce.

10. Included in such goods, materials and supplies were nursing materials and supplies, medicine, telephones, as well as numerous other goods, materials and supplies which had been carried in interstate commerce.

11. Therefore, Defendant, SOUTH HAVEN, INC., is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

12. Additionally, Plaintiff is individually covered under the FLSA as a result of her daily phone calls which travelled in interstate commerce.

## FLSA Violations

13. At all times relevant to this action, Defendants failed to comply with the FLSA by failing to pay Plaintiff for all hours worked and by also failing to pay Plaintiff her correct overtime rate.

14. During her employment with Defendants, Plaintiff filled out weekly time sheets showing the hours that she worked.

15. However, Defendants would not pay Plaintiff her overtime compensation for all hours worked by her and recorded on her timesheets.

Attached as Exhibit A is a paystub dated July 5, 2012 showing Plaintiff not being paid any overtime compensation during that pay period, and a timesheet showing she <u>did</u> work overtime hours during that pay period.

16. Defendants routinely shorted Plaintiff the hours she recorded on her timesheet and rarely would pay any overtime compensation to Plaintiff even though she often worked overtime hours.

17. Additionally, when Defendants did pay overtime compensation, it was often paid at Plaintiff's regular hourly rate and not an overtime rate of pay. Attached as Exhibit B is a paystub dated October 4, 2013 which indicates that Plaintiff was paid at least 10 overtime hours[1] at her regular rate of pay as opposed to her overtime rate of pay.

18. Plaintiff does have some pay and time records in her possession. However, upon information and belief, the complete records (to the extent they exist and have been unaltered) concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

19. Plaintiff reincorporates and readopts all allegations contained

---

[1] Since Plaintiff was paid bi-weekly, any hours above eighty (80) hours in a two week period had to be overtime hours worked.

within Paragraphs 1-18 above.

20. Plaintiff was entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week.

21. During her employment with Defendants, Plaintiff worked overtime hours but was often not paid any overtime compensation for these overtime hours worked, and when she was paid some overtime compensation, it was paid as "straight time" by Defendants. *See* ¶¶ 13-17.

22. Defendants did not have a good faith basis for their failure to pay Plaintiff complete overtime compensation for all overtime hours worked by her.

23. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff complete overtime compensation, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

24. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

25. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, AMANDA COLLINS, demands judgment against Defendants for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 27th day of March, 2015.

/s/ C. RYAN MORGAN
C. Ryan Morgan, Esq.
Georgia Bar No. 711884
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 245-3401
Email: RMorgan@forthepeople.com
*Attorneys for Plaintiff*